FILED

2010 Dec-13  AM 11:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARY FRANCES LAWLEY,** | ) | |
| | ) | **Case No.** _____ |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LVNV FUNDING LLC, a corporation; and** | ) | |
| **EQUIFAX INFORMATION SERVICES** | ) | |
| **LLC, a corporation** | ) | |
| | ) | |
| **Defendants** | ) | |

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF REMOVAL

Defendant, Equifax Information Services LLC ("Equifax"), through undersigned counsel, hereby files this Notice of Removal of this action from the Circuit Court of Shelby County, Alabama, wherein it is now pending as Case No. 58-cv-2010-901049.00, to the United States District Court for the Northern District of Alabama, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Equifax shows this Court as follows:

1.      An action was filed on October 18, 2010 in the Circuit Court of Shelby County, Alabama, styled *Mary Frances Lawley v. LVNV Funding LLC, et al.* (the "State Court Action").

2.      Defendant Equifax was served with the Complaint on November 10, 2010. LVNV Funding LLC was served with the Complaint on November 10, 2010. A copy of the defendant's consent to removal is attached hereto as Exhibit A.

3.      This Notice of Removal is being filed within the thirty (30) day time period, as required by 28 U.S.C. § 1446(b), of Plaintiff's initial pleading setting forth the grounds for his action and his claims for relief.

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, other pleadings and orders served upon defendant Equifax in the State Court Civil Action are attached hereto as Exhibit B.

5.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically 15 U.S.C. § 1681 *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

      (a)      Plaintiff's complaint, on its face, alleges a violation of the FCRA. (*See* Plaintiff's Complaint, Count II, attached as Exhibit B).

      (b)      The FCRA, pursuant to 15 U.S.C. § 1681p, provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy."

6.      Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Northern District of Alabama because the county from which the State Court Civil Action is being removed lies within the Southern Division.

7.      Promptly after the filing of this Notice of Removal, Defendant shall provide notice of the removal to Plaintiff in the State Court Action and to the Clerk of the Court in the State Court action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above-described action now pending in the Circuit Court of Shelby, County Alabama be removed to this Court.

This 9th day of December, 2010.

Respectfully submitted,

/s/ K. Ann Broussard
K. Ann Broussard  (#ASB-2854-S75B)
*Attorney for Defendant Equifax Information
Services LLC*

**OF COUNSEL:**
KING & SPALDING LLP
1108 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215-5725
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**OF COUNSEL:**
Victoria Franklin-Sisson
JONES, WALKER, WAECHTER, POITEVENT,
  CARRERE & DENEGRE, L.L.P.
505 20th Street North, Suite 600
Birmingham, Alabama 35203
205.226.5200
205.226.5214 (direct)
205.226.5226 (fax)
vsisson@joneswalker.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 9th day of December, 2010 transmitted a copy of the foregoing EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF REMOVAL by U.S. mail, postage prepaid, to the following:

Wesley L. Phillips
Phillips Law Group, LLC
PO Box 130488
Birmingham, AL  35213-0488
wlp@wphillipslaw.com
*Counsel for Plaintiff*

Laura C. Nettles
Lloyd, Gray, Whitehead & Monroe
2501 20th Place South, Suite 300
Birmingham, AL
lnettles@lgmlaw.com
*Counsel for Defendant LVNV Funding LLC*

/s/   K. Ann Broussard
Counsel for Defendant Equifax Information
Services LLC

**OF COUNSEL:**
KING & SPALDING LLP
1108 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215-5725
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**OF COUNSEL:**
Victoria Franklin-Sisson
JONES, WALKER, WAECHTER, POITEVENT,
  CARRERE & DENEGRE, L.L.P.
505 20th Street North, Suite 600
Birmingham, Alabama 35203
205.226.5200
205.226.5214 (direct)
205.226.5226 (fax)
vsisson@joneswalker.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARY FRANCES LAWLEY,                    )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )        Case No: 2010-cv-901049
                                       )
LVNV FUNDING LLC, a corporation; and   )
EQUIFAX INFORMATION SERVICES, LLC,     )
a corporation,                         )
                                       )
        Defendants.                    )

DEFENDANT LVNV FUNDING LLC'S
CONSENT TO AND JOINDER IN REMOVAL

Without waiving any of its defenses or any other rights, Defendant LVNV Funding LLC

hereby consents to and joins in the removal of the above-captioned civil action from the Circuit

Court of Shelby County Alabama, to the United States District Court for the Northern District of

Alabama, Southern Division.

        Dated:  December 9, 2010

                                Respectfully submitted,

                                /s/ Laura C. Nettles
                                Laura C. Nettles (ASB-5805-S63L)
                                LLOYD, GRAY, WHITEHEAD, & MONROE, P.C.
                                2501 20th Place South, Suite 300
                                Birmingham, Alabama 35223
                                Telephone:    205.967.8822
                                Facsimile:    205.967.2380
                                Email:  lnettles@lgmlaw.com


                                *Attorneys for Defendant*
                                *LVNV Funding LLC*

# EXHIBIT B

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2010-901049.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### MARY FRANCES LAWLEY v. LVNV FUNDING LLC ET AL

**NOTICE TO**   EQUIFAX INFORMATION SERVICES, LLC, 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MARY FRANCES LAWLEY
pursuant to the Alabama Rules of the Civil Procedure

| 10/18/2010 1:07:49 PM | /s MARY HARRIS | **MARY H. HARRIS** | LL |
|---|---|---|---|
| Date | Clerk/Register | CIRCUIT CLERK, SHELBY COUNTY<br>P.O. BOX 1810<br>COLUMBIANA, AL 35051 | By |

☑ Certified mail is hereby requested    /s WESLEY L PHILLIPS

                                       Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                 Server's Signature

State of Alabama
Unified Judicial System

Form ARCiv-93   Rev.5/99

## COVER SHEET
### CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number:
**58-CV-201**▮

Date of Filing:
10/18/2010

10/18/2010 1:07 PM
CV-2010-901049.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## GENERAL INFORMATION

IN THE CIRCUIT OF SHELBY COUNTY, ALABAMA
**MARY FRANCES LAWLEY v. LVNV FUNDING LLC ET AL**

First Plaintiff: ☐ Business  ☑ Individual          First Defendant: ☑ Business  ☐ Individual
☐ Government  ☐ Other                               ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  PHI053          10/18/2010 12:59:56 PM          /s WESLEY L PHILLIPS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



10/18/2010 1:07 PM
CV-2010-901049.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

MARY FRANCES LAWLEY,                )
                                    )
        Plaintiff,                  )
                                    )
                                    )
vs.                                 )        Case No.: _____
                                    )
LVNV FUNDING LLC, a corporation; and )
EQUIFAX INFORMATION SERVICES, LLC,  )
a corporation; and                  )
                                    )
        Defendants.                 )

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Mary Frances Lawley is a resident of Shelby County, over 19 years of age,

and is competent to bring this action.

2.      Defendant LVNV Funding LLC (hereinafter "LVNV") is a Delaware corporation

with its principal place of business located in Las Vegas, Nevada and was doing business in Shelby

County, Alabama at all times material to this Complaint.  LVNV acted as a debt collector and debt

buyer throughout the United States including Shelby County, Alabama at all times material to this

Complaint.

3.      Defendant Equifax Information Services, LLC (hereinafter "Equifax") is

registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing

business in Shelby County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

4.     In May, 2009, Defendant LVNV sued Plaintiff in the District Court of Shelby County, Alabama, with a case number of DV-2009-366.

5.     In this suit, Defendant LVNV asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted the amount owed was $8301.91.

6.     Plaintiff answered and the trial of lawsuit numbered DV-2009-366 occurred on September 2, 2009.

7.     On September 2, 2009, the Honorable John H. Alsbrooks, District Judge for Shelby County, entered an Order finding for Plaintiff and against Defendant LVNV in case number DV-2009-366.

8.     The verdict entered in favor of Plaintiff Mary Letson and against Defendant LVNV by the District Court was a final adjudication on the merits.

9.     Defendant LVNV did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

10.     Defendant LVNV is not the owner of this alleged debt.

11.     Defendant LVNV reported to the credit reporting agencies that Plaintiff owed this money and was in default.

12.     Plaintiff did not owe this money to Defendant LVNV.

13.     The debt being collected is a "consumer debt" as defined by the FDCPA.

14.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

15.     Defendant LVNV is a "debt collector" as defined by the FDCPA.

16.     After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendant Equifax requesting an investigation of the account that still appeared on Plaintiff's credit

reports with regard to LVNV and this account number.

17.    Plaintiff requested the accounts be deleted, as Plaintiff did not owe said account.

18.    Plaintiff requested Defendant Equifax to contact the Defendant LVNV's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

19.    No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

20.    In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21.    Defendan Equifax notified Defendant LVNV in accordance with the FCRA of the dispute by the Plaintiff.

22.    Alternatively, Defendant Equifax did not properly notify Defendant LVNV and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant LVNV. This includes notification that Plaintiff won the lawsuit in the District Court.

23.    All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

24.    On February 12, 2010, Defendant Equifax issued its results of investigation and re-investigation, Confirmation report number 0018032356 verifying the Defendant LVNV account with an account balance of $7741, with $7741 past due, and that it is a collection account.

25.    The report of Defendant Equifax issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Equifax and/or LVNV following the entering of judgment against Defendant LVNV in the District Court case it brought against Plaintiff

shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

26.    All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant LVNV through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

27.    Defendant Equifax has proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

28.    For example, had Plaintiff not answered the District Court suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Equifax would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

29.    Defendant Equifax, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

30.    The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant LVNV; and the District Court's ruling was a final judgment.

31.    The dismissal with prejudice was not appealed to the Shelby County Circuit Court, and there is no avenue for appeal for Defendant LVNV of this judgment as the time to appeal has long since passed.

32.    Despite this knowledge, Defendant Equifax has completely abdicated its obligations under federal and state law and have instead chosen to merely "parrot" whatever the customer, Defendant LVNV, has told it to say.

33.    Defendant Equifax has a policy to favor the paying customer, in this situation

Defendant LVNV, rather than what the consumer or even a court says about a debt.

34.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

35.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36.     Defendant LVNV has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant LVNV knows no balance is owed.

37.     Defendant LVNV promises through its subscriber agreements or contracts to accurately update accounts but Defendant LVNV has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

38.     Defendant LVNV had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39.     Defendant LVNV has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants'

intentional and malicious conduct.

40.    In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

41.    All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

42.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

43.    At all relevant times the Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44.    Defendant LVNV  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

45.    Defendant LVNV has taken aggressive actions in a continued effort to collect the

alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Equifax, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

46.     Defendant Equifax has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

47.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

48.     It is a practice of Defendant LVNV to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

49.     It is a practice of Defendant Equifax to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

50.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

52.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are

subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

53.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

54.    Defendant LVNV violated the FDCPA in numerous ways, including, but not limited to the following:

    a.    Falsely reporting the debt on Plaintiff's credit reports with at Equifax when Plaintiff does not owe the money;

    b.    Suing the Plaintiff when there was no basis to do so;

    c.    Continuing to assert the suit in state court when Defendant LVNV knew, or should have known, there was no basis for doing so;

    d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

    e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant LVNV is not entitled to collect upon.

55.    The violations of the FDCPA by the Defendant LVNV are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant LVNV's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses,  attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt,

ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant LVNV for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

56.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

57.    Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

58.    Defendant LVNV is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

59.    Plaintiff notified Defendant Equifax directly of a dispute on the Defendant LVNV's account's completeness and/or accuracy, as reported.

60.    The credit reporting agency, Defendant Equifax, failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

61.    Plaintiff alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

62.    Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant LVNV and/or other proper and reasonable measures.

63.    All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

64.    Defendants Equifax and/or LVNVs' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax and/or LVNV, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

65.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66.     Defendant LVNV published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

67.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

68.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

69.     Plaintiff has been damaged as a proximate result of Defendant LVNV's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant LVNV for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

70.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

71.     Defendant LVNV recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

72.     Plaintiff has been damaged as a proximate result of Defendant LVNV's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant LVNV for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

### NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

73.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74.     Defendant LVNV has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

75.     Defendant LVNV has agreed to follow and understands it must follow the requirements of the FCRA.

76.     Defendant LVNV has a duty under Alabama law to act reasonably under the circumstances.

77.     Defendant LVNV has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

78.     Defendant LVNV violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

79.     Defendant Equifax violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

80.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax and/or LVNV, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

### NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING

81.     All paragraphs of this Complaint are expressly adopted and incorporated herein as

if set forth herein in their entirety.

82.     Defendants Equifax and/or LVNV were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

83.     The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

84.     The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

85.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax and/or LVNV, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**
                                                    )

                              __s/Wesley L. Phillips_____
                              OF COUNSEL


Plaintiff's Address:
170 Jefferson Lane
Alabaster, Alabama 35007


**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS
FOLLOWS:**


LVNV Funding LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

10/18/2010 1:07 PM
CV-2010-901049.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY FRANCES LAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| LVNV FUNDING LLC, a corporation; | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| a corporation; and | ) | |
| | ) | |
| Defendants. | ) | |

### SUMMONS

    This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:          LVNV Funding LLC
                        c/o CT Corporation System
                        2 North Jackson Street, Suite 605
                        Montgomery, Alabama 36104

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Shelby County, P.O. Box 1810, Columbiana, Alabama 35051.

                                     _____
                                     Clerk of Court

Dated: _____

10/18/2010 1:07 PM
CV-2010-901049.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY FRANCES LAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| LVNV FUNDING LLC, a corporation; and | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| a corporation; | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:    Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PHILLIPS LAW GROUP, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Shelby County, P.O. Box 1810, Columbiana, Alabama 35051.

_____
Clerk of Court

Dated: _____

10/18/2010 1:07 PM
CV-2010-901049.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY FRANCES LAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| LVNV FUNDING LLC, a corporation; and | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| a corporation; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT LVNV FUNDING LLC

COMES NOW Plaintiff Mary Frances Lawley, by and through her undersigned counsel, and hereby requests that Defendant LVNV Funding LLC (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I.    INTERROGATORIES:

1.    State whether this Defendant's name correctly is stated in the complaint filed in

this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

RESPONSE:



2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

      a.    State the address of all business locations of this Defendant;

      b.    Describe the nature of this Defendant's business.


RESPONSE:


3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

    (a) Please state whether each such person is affiliated with, or related to, or employed

by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


4.      Identify all correspondence or documents that refer or relate to any

correspondence or communication between you and any other defendant in this action, relating or

referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your

answer, anticipated answer and/or defenses thereto.

**RESPONSE:**


5.      State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your database

and that such information is accurately reported to the credit reporting agencies, including

Equifax, Experian, and Trans Union.

**RESPONSE:**


6.      For each request for admission to which you did not give an unqualified

"admitted," please state in detail the basis for each such refusal to admit and identify all

documents which relate to your refusal to admit.

RESPONSE:

7.      Explain in detail why you pulled Plaintiff's credit reports.

RESPONSE:

8.      What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

RESPONSE:

9.      Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

RESPONSE:

10.     State the name and address of each and every witness expected to be called at the

trial of this action.

RESPONSE:


11.    State how many credit reports of consumers in Alabama you pulled in 2008 and how many you pulled in 2009.

RESPONSE:


12.    For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

RESPONSE:


13.    State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

RESPONSE:


14.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

RESPONSE:

## II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.    Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit

reports.

RESPONSE:

2.    Admit or deny you told Equifax and/or Experian, that Plaintiff had given you

permission to pull her reports.

RESPONSE:

3.    Admit or deny that you knew that pulling Plaintiff's credit reports would

adversely affect Plaintiff's credit worthiness.

RESPONSE:


## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all documents evidencing, relating, referencing, and/or involving

communications between you and any of the other defendants which regarded or in any way

referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.    Produce all documents that reference, relate, and/or refer in any way to the

Plaintiff.

3.    Produce all documents evidencing, relating, referencing, involving and/or

constituting communications between you and Plaintiff or anyone acting on or purporting to act

on Plaintiff's behalf.

4.    Produce your policy manuals, procedure manuals, or other documents, which

address your policies, practices or procedures in pulling credit reports during each of

the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

5.      Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

6.      Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.      Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.      Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.      Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.     Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.     Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

                                        _s/Wesley L. Phillips_____
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,   Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile


## PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.



10/18/2010 1:07 PM
CV-2010-901049.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

MARY FRANCES LAWLEY,                    )
                                        )
    Plaintiff,                          )
                                        )
                                        )
vs.                                     )          Case No.: _____
                                        )
LVNV FUNDING LLC, a corporation; and    )
EQUIFAX INFORMATION SERVICES, LLC,  )
a corporation;                          )
                                        )
    Defendants.                         )

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT EQUIFAX INFORMATION SERVICES, LLC

COMES NOW Plaintiff Mary Frances Lawley, by and through her undersigned counsel, and hereby requests that Defendant Equifax Information Services, LLC (hereinafter, collectively, "you," "your," and/or "these Defendants"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests Defendant to attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

    <u>NOTE</u>: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I.    **INTERROGATORIES:**

    1.    State whether this Defendant's name correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of

response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place
of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the
date first qualified; the address of its principal place of business; and the full names of any and
all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other
like entities.

                a.      State the address of all business locations of this Defendant;

                b.      Describe the nature of this Defendant's business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were
witness to or who have personal knowledge of any of the facts, events, or matters that are alleged
in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe
and explain your understanding of the matters on which the persons named have knowledge. In
addition to identifying said individuals as specified in the instructions above, please include the
following:

      (a) Please state whether each such person is affiliated with, or related to, or employed

      by any party (or its agents, servants, officers, or employees) to this lawsuit;

      (b) If any of the persons so listed in response to this interrogatory do not fit the

      characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

RESPONSE:


4.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

RESPONSE:


5.      Please state whether you received any requests from Defendant LVNV Funding LLC related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant LVNV Funding LLC to have access to Plaintiffs' credit reports.

RESPONSE:


6.      State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when

the company desiring to make the pull has a permissible reason.

RESPONSE:

7.      If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

RESPONSE:

8.      Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

RESPONSE:

9.      If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

RESPONSE:

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

RESPONSE:


11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

RESPONSE:


12.     State the name and address of each and every witness expected to be called at the trial of this action.

RESPONSE:



13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

RESPONSE:

14.    State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

RESPONSE:


15.    State whether, in the past ten years, you have been named a party defendant in any other lawsuit involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:


16.    State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

    a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

    b) A description of the nature of each such action; and

    c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

RESPONSE:

17.    State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

RESPONSE:


18.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

RESPONSE:


II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.    Admit or deny that you followed all policies and procedures for allowing Defendant LVNV Funding LLC to pull Plaintiff's credit reports.

RESPONSE:

2.    Admit or deny you intended that other persons or entities would see the credit pulls by Defendant LVNV Funding LLC if such other persons or entities reviewed Plaintiff's credit report maintained by you.

RESPONSE:

3.    Admit or deny the credit pulls by Defendant LVNV Funding LLC do not improve Plaintiff's credit history.

RESPONSE:

4.     Admit or deny the credit pulls by Defendant LVNV Funding LLC lower Plaintiff's credit score using your credit scoring formula.

RESPONSE:

5.     Admit or deny you have not yet deleted the inquiries of LVNV Funding LLC from Plaintiff's credit reports.

RESPONSE:

6.     Admit or deny that as of the date this lawsuit was filed you had not yet deleted the inquiries of LVNV Funding LLC from Plaintiff's credit reports.

RESPONSE:

7.     Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on her.

RESPONSE:


III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.     Produce each and every document that refers to the plaintiff.

3.     Please produce all documents evidencing, relating to, and/or involving or constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

4.     Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the

years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

     5.     Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

     6.     Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning  your subscriber relationships with all other defendants.

     7.     Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

     8.     Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

     9.     Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

     10.     Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

     11.     Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained

records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.     Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.     Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2010-901049.00 |
|---|---|---|

IN THE CIVIL COURT OF SHELBY, ALABAMA

**MARY FRANCES LAWLEY v. LVNV FUNDING LLC ET AL**

**NOTICE TO**   EQUIFAX INFORMATION SERVICES, LLC, 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MARY FRANCES LAWLEY
pursuant to the Alabama Rules of the Civil Procedure

| 10/18/2010 1:07:49 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s WESLEY L PHILLIPS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                   _____
Date                                   Server's Signature

**58-CV-2010-901049.00**

MARY FRANCES LAWLEY v. LVNV FUNDING LLC ET AL

| C001 - MARY FRANCES LAWLEY | v. | D002 - EQUIFAX INFORMATION SERVICES, LLC |
|---|---|---|
| Plaintiff | | Defendant |

58-CV-2010-901049.00 D002

**SERVICE RETURN COPY**



$5 11500
11/08/2010
Mailed from 35051
US POSTAGE

Hasler

# First Class Mail
# First Class Mail

Equifax Information Services LLC
150 S. Perry Street
Montgomery, AL  36104







7001 1940 0000 4266 7951





Mary B. Harris
Circuit Clerk
P.O. Box 1810
Columbiana, AL  35051






